UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SCIENTIFIC GAMES COROPORATION, et al,<br><br>Plaintiffs,<br><br>v.<br><br>SYLEBRA HK COMPANY LIMITED, ~~et~~ al,<br><br>Defendants. | Case No. 2:19-cv-01214-RFB-EJY<br><br>ORDER |

### I. INTRODUCTION

Before the Court are Plaintiffs' Motion to Remand to State Court (ECF No. 25) and Defendants' Motion to Dismiss (ECF No. 26).

### II. PROCEDURAL BACKGROUND

This action was removed to federal court on July 11, 2019. ECF No. 1. Plaintiffs' complaint was filed in state court on June 14, 2019, seeking declaratory relief and asserting breach of contract and the implied covenant of good faith and fair dealing. ECF No. 1 at 9, 36-40. The instant Motion to Remand to State Court was filed on August 6, 2019. ECF No. 25. Defendants responded on August 20, 2019, ECF No. 35, and Plaintiffs replied on August 27, 2019, ECF No. 41. The instant Motion to Dismiss was filed on August 6, 2019. ECF No. 26. Plaintiffs responded on August 20, 2019, ECF No. 38, and Defendants replied on August 27, 2019, ECF No. 40.

### III. FACTUAL BACKGROUND

Plaintiffs Scientific Games and its indirect wholly owned subsidiary, Bally Gaming, are involved in the gaming industry and subject to domestic and foreign regulation, including

1  regulations determining the suitability and/or qualifications of significant shareholders. ECF No.
2  1 at 10-11. Regulatory compliance is necessary to secure licensing Plaintiffs need to operate in the
3  gaming business. Id. Plaintiffs allege Defendant Sylebra Master Fund ("Sylebra") is a significant
4  shareholder of Scientific Games stock and has failed to provide information to Scientific Games
5  so that it may conduct a suitability analysis to ensure the corporation is in compliance with
6  suitability and qualification requirements. Id. at 11-15. Plaintiffs seek declaratory relief indicating
7  Defendant Sylebra is obligated under the corporation's Bylaws and Charter to provide information
8  necessary to conduct the suitability analysis, and injunctive relief requiring Defendant Sylebra to
9  provide the requested information, based on its alleged breach of the Bylaws and Charter as well
10 as the implied covenant of good faith and fair dealing.

## IV. LEGAL STANDARD

### A. Removal and Subject Matter Jurisdiction

A defendant may remove a case initially filed in state court to federal court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). When a case is removed solely under 28 U.S.C. § 1441(a), all defendants that have been properly joined and served must either join in, or consent to, removal. 28 U.S.C. § 1446(b)(2). "Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (citation and quotation marks omitted). A federal court should remand a case to state court if any doubt exists as to the right to removal. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (footnote omitted). "Diversity jurisdiction is established statutorily: '[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [diverse parties.]" 28 U.S.C. § 1332(a). However, section 1332 is "to be strictly construed," and any doubts about whether the Court has diversity jurisdiction should be resolved against finding jurisdiction. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983); see Hawaii ex rel. Louie v. HSBC

Bank Nevada, N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) ("Removal and subject matter jurisdiction statutes are strictly construed."). Additionally, the Court must remand a case if at "any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447.

### B. Motion to Dismiss

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action...." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

### C. DISCUSSION

Plaintiffs argue that Defendants have failed to meet their burden for proper removal because Defendants are bound by the Bylaws of the Corporation, which state that the Eighth Judicial District Court for Clark County, Nevada shall be the sole and exclusive forum for suits

1    arising out of any provision of the Articles or Bylaws. ECF No. 25 at 9-12. Because Plaintiffs
2    assert that this suit arises from breach of the Bylaws due to Defendants alleged failure to comply
3    with their obligations under Article VIII of the Charter and Section 8.06 of the Bylaws, this suit is
4    subject to the forum selection clause. Id. at 10. Plaintiffs additionally argue that the Court lacks
5    subject matter jurisdiction because the primary relief sought is declaratory and injunctive, as
6    Plaintiffs seek only information from Defendants so they can conduct a suitability analysis. Id. at
7    12. Defendants' basis for the amount in controversy is based on the redemption of shares in the
8    event they are found unsuitable; Plaintiffs assert this basis is too attenuated to support jurisdiction.
9    Id. at 13-14.

10   In response, Defendants dedicate much of their motion to the merits of Plaintiffs' claims.
11   See ECF No. 35 at 9-16. In response to Plaintiffs' arguments concerning the forum selection
12   clause, Defendants argue the clause does not strip the Court of jurisdiction. Id. at 16-17. Further,
13   the clause does not require remand because it is not binding on the Defendants, as only Defendant
14   Sylebra is a shareholder, and the remaining defendants are not "so closely related" to Sylebra as
15   to be bound by the clause. Id. at 17-18. Additionally, Defendants argue Sylebra did not consent to
16   the clause because it was adopted after it acquired its stake in the corporation, it voted against it,
17   and was unable to sell its holding because Plaintiffs froze its investment. Id. at 19-20. Defendants
18   additionally argue the plain language of the clause does not allow for suits by Scientific Games
19   against shareholders, and legacy shareholders are exempted from the clause. Id. at 20-21. Finally,
20   regarding the Court's subject matter jurisdiction, Defendants argue the amount in controversy
21   exceeds $75, 000 due to Plaintiffs' request for attorneys' fees and costs. Id. at 21-25. Further, the
22   cost of complying with the equitable and injunctive relief would also exceed $75,000, id. at 26,
23   and Plaintiffs are motivated in the instant suit to deem Defendants unsuitable and redeem
24   Defendants' shares, and therefore the amount of Defendants' investment is at issue, id. at 26-28.

25   The Court begins its analysis with Plaintiffs assertion that it lacks subject matter
26   jurisdiction because the amount in controversy is insufficient.

27   When "it is unclear or ambiguous from the face of a state-court complaint whether the
28   requisite amount in controversy is pled, the removing defendant bears the burden of establishing,

by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118, 1121–22 (9th Cir. 2013). Speculation regarding the amount in controversy is insufficient to establish removal jurisdiction on the grounds of diversity. See Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 774 (9th Cir. 2017); see also Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015).

The Ninth Circuit defines "amount in controversy" as "the amount at stake in the underlying litigation" which includes "any result of the litigation, excluding interests and costs, that entails a payment by the defendant." Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648 (9th Cir. 2016) (internal quotations omitted). "This amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." Id. at 648–49. "[T]he amount in controversy is not limited to damages incurred prior to removal . . . . Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 414–15 (9th Cir. 2018). Therefore, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 794 (9th Cir. 2018). A defendant is required "to make this showing with summary-judgment-type evidence." Id. at 795 (citing Chavez, 888 F.3d at 416; Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 774 (9th Cir. 2017)).

Plaintiffs seek declaratory relief indicating Defendants' alleged failure to comply with its obligations under the Charter constitutes a breach of contract as well as the implied covenant of good faith and fair dealing. ECF No. 1 at 41. They also seek injunctive relief requiring Defendants to comply with the Articles and provide the information sought to conduct a suitability analysis. Id. Further, they seek to be indemnified for costs, including attorneys' fees, for Defendants' alleged breach of the Articles, including the costs of bringing the instant suit. Id. Specifically, Plaintiffs argue their special damages in the form of these costs amount to at least $15,000 for the alleged breach of contract, id. at 40, and an additional $15,000 for the alleged breach of the implied

covenant of good faith and fair dealing, id. at 39. Accordingly, based on the face of the complaint, the amount in controversy may be as little as $30,000, well shy of the $75,000 jurisdictional threshold. Therefore, because "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," Defendants must prove "by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Urbino, 726 F.3d at 1121–22.

In the Notice of Removal, Defendants assert that "From the allegations of the Complaint it is believed that plaintiffs' ultimate motivation is to claim entitlement to redeem certain of defendants' publicly traded shares" based on a computation that far exceeds the jurisdictional amount. ECF No. 1 at 5. Defendants further argue that even were redemption not at issue, "the amount that plaintiffs seek to recover for alleged breaches of charter and bylaws and the implied covenant of good faith and fair dealing, under plaintiffs' asserted theory of damages . . . is well in excess of $75,000." Id.

The Court rejects the initial argument. It is plain from the face of the complaint that Plaintiffs seek declaratory and injunctive relief, such that if there is a ruling in their favor, they will secure information sought from Defendants in order to conduct a suitability analysis, the costs associated with litigating the suit, and no more. Defendants' argument as to the amount of redemption is therefore inapposite, as it relies on an assumption that Plaintiffs' potential victory in this suit would result in a requirement that Defendants redeem their shares. Yet this conclusion is too attenuated from the controversy at issue here. While redemption may be an eventual consequence of this suit, in order to satisfy the amount in controversy requirement, Defendants would need to show by a preponderance of the evidence not only that the amount redeemed exceeds the jurisdictional threshold, but that Defendant Sylebra would be found unsuitable if the information sought by Plaintiffs were provided in accordance with a judgment in their favor. Conclusory statements about Plaintiffs' motivation fails to satisfy this showing.

Defendants support the latter argument by asserting in their opposition that, *inter alia*, Plaintiffs' attorneys' fees exceed the jurisdictional threshold. As an initial matter, the Court finds that the fees allegedly incurred as a consequence of regulatory proceedings have no bearing on the

1  instant suit. Rather, the fees at issue are those associated with litigating this action. These attorneys'
2  fees may only be considered as part of "the amount at stake in the underlying litigation" if they are
3  attorneys' fees "recoverable by statute or contract." See Gonzales, 840 F.3d at 648-49; see also
4  Arias v. Residence Inn by Marriott, 936 F.3d 920, 922 (9th Cir. 2019) ("[W]hen a statute or
5  contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included
6  in the assessment of the amount in controversy."). Defendants argue that Plaintiffs' pursuit of
7  attorneys' fees in accordance with the Articles, specifically Paragraph H of Article III, which is a
8  provision that only applies to Disqualified Holders, undermines their argument that this suit is not
9  about redemption, but about the capacity to perform a suitability analysis. ECF No. 35 at 27 (citing
10 ECF No. 1 at ¶ 92). The claim to attorneys' fees based on this provision does cast some doubt on
11 Plaintiffs' ultimate motivations, and Plaintiffs provide no explanation for its inclusion in the
12 complaint. See ECF No. 41 at 11-12. Regardless of Plaintiffs' motivations, the Court has already
13 determined that redemption is not the relief sought in the complaint nor provided for by the causes
14 of action alleged, but rather a *potential or possible* consequence of judgment in Plaintiffs' favor
15 beyond the scope of the instant suit. Therefore, this contractual provision does not afford Plaintiffs
16 the right to attorneys' fees resulting from this litigation. Consequently, there is no statutory nor
17 contractual provision remaining upon which attorneys' fees could be awarded, and any fees
18 awarded would be considered costs, which are excluded from consideration of the amount in
19 controversy. Gonzales, 840 F.3d at 648. Defendants' arguments as to attorneys' fees are therefore
20 unavailing.

21       Furthermore, Defendants have failed to show by a preponderance of the evidence that the
22 cost of complying with an injunction would meet or exceed the jurisdictional threshold.
23 Defendants point to the fact that Defendant Sylebra was required to pay the Virgin Islands
24 Regulator an initial payment of $75,000 in connection with its suitability analysis. Yet Defendants
25 provide no evidence to suggest that this cost has any reflection on the cost of compliance with
26 *Plaintiffs'* suitability analysis. "Speculation regarding the amount in controversy is insufficient to
27 establish removal jurisdiction on the grounds of diversity." See Corral, 878 F.3d at 774; see
28 also Ibarra, 775 F.3d at 1197. Therefore, Defendants have failed to show by a preponderance of

the evidence that the cost of complying with the equitable relief sought would meet or exceed the jurisdictional threshold.

Consequently, because Defendants have failed to indicate that this suit meets the jurisdictional threshold amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332, the Court does not have subject matter jurisdiction over this action and does not consider the parties' remaining arguments and motions.

### D.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand to State Court (ECF No. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 26) is **DENIED** as moot.

**IT IS FURTHER ORDERED**  that the Clerk of Court is instructed to close this case.

**DATED**: May 31, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**